Deborah Butler appeals from a Superior Court judgment dismissing her attempt to have set aside a special permit issued by the Framingham zoning board of appeals (ZBA). In essence, and relying on a purported private right of action under G. L. c. 268A, Butler asserts that the special permit must be set aside because one of the ZBA's members had a conflict of interest. No error appearing, we affirm.
As the motion judge held, Butler has not alleged that the jurisdictional prerequisites required under c. 268A have been satisfied. See G. L. c. 268A, § 21(a ), as amended through St. 2009, c. 28, § 80;[3] Leder v. Superintendent of Schs. of Concord & Concord-Carlyle Regional Sch. Dist., 465 Mass. 305, 310-313 (2013). Her attempt to distinguish Leder as limited to suits by business competitors is not supported by anything in the decision and is unpersuasive.
In light of this, we need not and do not reach Butler's remaining arguments. We deny defendants Benchmark Senior Living's and Brendon Properties Northside, LLC's requests for an award of their appellate attorney's fees. Judgment affirmed.
So ordered.
Affirmed.

Municipal action may be set aside "upon request by said municipal agency" provided there has been "a finding by the [state ethics] commission pursuant to an adjudicatory proceeding ...").